UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KLIPSCH, LLC , | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: _____ |
| | ) |
| JMB CAPITAL PARTNERS, LP, | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

JUDGE STEIN

'07 CIV 8202

RECEIVED
SEP 19 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

For its claim against Defendant JMB Capital Partners, LP ("JMB"), Plaintiff Klipsch, LLC ("Klipsch") alleges the following:

## PARTIES

1.    Plaintiff Klipsch is an Indiana limited liability company located in Indianapolis, Indiana.  The sole member of Klipsch is Klipsch Group, Inc., an Indiana corporation with its principle place of business in Indiana.

2.    Defendant JMB is a limited partnership located in Los Angeles, California.  Upon information and belief, JMB has two partners:

    a.    Cyrus Hadidi, who is a citizen of the State of California; and

    b.    Smithwood Partners, LLC, whose sole member is Jonathan Brooks, a citizen of the State of California.

## JURISDICTION AND VENUE

3.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.    This Court has subject matter jurisdiction over this action under 28 U.S.C. 1332(a)(1) because the Plaintiff is a citizen of a different state than the Defendant.

71415008.1

5.    By contract, the parties have each consented to the jurisdiction of this Court:

> Each party hereto irrevocably and unconditionally consents to the jurisdiction of the courts located in the State of New York in any action to enforce, interpret or construe any provision of this Agreement.

Assignment of Claim ("Assignment Agreement") between Klipsch and Amroc Investments, LLC, ("Amroc") ¶ 7 (attached hereto as Exhibit A is a true and complete copy without Exhibit B of the Assignment of Claim Agreement between Klipsch and Amroc). *See also* Assignment of Claim ("JMB Agreement") between Amroc and JMB, p. 1 ("Assignee [JMB] expressly assumes Assignor's obligations in and to the [Assignment Agreement]....") (attached hereto as Exhibit B is a true and complete copy without exhibits of the Assignment of Claim Agreement between Amroc and JMB).

6.    Venue is proper pursuant to 28 U.S.C. § 1391(a)(1).

## FACTUAL ALLEGATIONS

7.    On or about March 18, 2005, Klipsch and Amroc Investments, LLC ("Amroc") entered into an agreement (the "Assignment Agreement," attached hereto as Exhibit A) by which Klipsch assigned to Amroc its right, title and interest in and to a claim in the amount of $1,392,936.00 (the "Original Claim") payable by Ultimate Electronics, Inc. (the "Debtor"). (Exhibit A.)

8.    Amroc paid $557,174.40 to Klipsch in exchange for this assignment (defined in the Assignment Agreement as the "Purchase Price").

9.    On or about March 23, 2005, Amroc and JMB entered into an agreement (the JMB Agreement," attached hereto as Exhibit B) by which Amroc transferred to JMB all of its rights, obligations, title and interest in the Assignment Agreement, and JMB agreed to assume all

of Amroc's obligations under the Assignment Agreement. (Exhibit B.) Amroc and JMB intended for Klipsch to be a beneficiary of the JMB Agreement.

10. At the time that the Assignment Agreement was executed, the Debtor was subject to bankruptcy proceedings in the United States Bankruptcy Court in the District of Delaware (the "Bankruptcy Court"). (Exhibit A at ¶ 1.)

11. The Assignment Agreement provided that, in the event that the Original Claim was listed on the Debtor's schedules of liabilities as disputed, contingent or unliquidated, Klipsch agreed to return a proportionate share of the Purchase Price to reflect the reduction in the Original Claim, plus interest, in exchange for re-assignment of the challenged portion of the Original Claim. (Exhibit A at ¶ 4(a).)

12. In its initial schedules of liabilities, the Debtor listed the entire Original Claim as disputed, contingent and unliquidated.

13. By letter dated April 27, 2005, JMB demanded that Klipsch repay the Purchase Price, plus interest, to JMB pursuant to paragraph 4(a) of the Assignment Agreement.

14. On or about May 6, 2005, Klipsch complied with JMB's demand and paid the entire Purchase Price, plus interest, to JMB. In return, JMB reassigned the Original Claim to Klipsch pursuant to paragraph 4(a) of the Assignment Agreement.

15. By Order dated July 13, 2006 (at ¶14), the Bankruptcy Court allowed a portion of Klipsch's claim against Ultimate; the allowed portion was in the amount of $1,276,264.34 (the "Allowed Claim"). (Attached hereto as Exhibit C is a true and complete copy of the Bankruptcy Court's Order Modifying the Liability of Certain Claims, dated July 13, 2006.)

16. JMB is obligated to purchase the Allowed Claim. Specifically, Section 4(b) of the Assignment Agreement provides:

71415008.1

[I]n the event the Claim is listed on the Debtor's schedules of liabilities filed with the Bankruptcy Court for an amount less than $1,392,936.00 or is otherwise subject to a Disallowance and the Assignor has fulfilled its repayment obligation to Assignee pursuant to the terms of Section 4(a) hereof, and yet the Claim is subsequently allowed pursuant to a Final Order...for a greater amount, not to exceed $1,392,936.0 (i.e., the "Increased Claim Amount" [or, as used in the Complaint, the "Allowed Claim"] shall be defined as any amount which is allowed in excess of such portion of the Claim for which the Assignor has received consideration...) then Assignee will pay to Assignor the Percentage Rate [40%] multiplied by the Increased Claim Amount. The payment for the Increased Claim amount shall be delivered to Assignor when Assignee has received notification that the Increased Claim Amount has been liquidated and allowed in the case by a Final Order....Notwithstanding anything to the contrary contained herein, Assignee's obligation to purchase the Increased Claim Amount from Assignor pursuant to the terms of this paragraph shall be null and void at Assignee's sole option in the event that record ownership of the Increased Claim Amount is held by Assignor, and the deadline to transfer record ownership of claims in the Proceedings has passed.

17.    The Allowed Claim was liquidated and allowed by a Final Order.

18.    By letter dated January 8, 2007, Klipsch provided notice to JMB of the liquidation and allowance of the Allowed Claim.

19.    By letter dated August 22, 2007, Klipsch renewed its demand against JMB to purchase the Allowed Claim.

20.    JMB has refused to purchase the Allowed Claim.

21.    JMB contends that the "deadline to transfer record ownership of claims in the Proceedings has passed" and that it is therefore entitled to nullify and void the obligation to purchase the Allowed Claim under Section 4(b) of the Assignment Agreement.

22.    No "deadline" for transferring "record ownership of claims in the Proceedings" has passed. For example, on July 27, 2007, Contrarian Funds, LLC ("Contrarian") filed a Notice of Transfer of Claim in the same Proceedings with respect to an unrelated claim. (Attached

- 4 -

hereto as Exhibit D is a true and complete copy of Contrarian's Notice of Transfer of Claim, dated July 27, 2007.)

23.    Upon information and belief, JMB and Contrarian have entered into an agreement dated October 24, 2005, pursuant to which Contrarian is obligated to purchase the Allowed Claim from JMB.

## COUNT I – BREACH OF CONTRACT

24.    Klipsch hereby incorporates the allegations contained in paragraphs 1 through 23.

25.    The Assignment Agreement and JMB Agreement are valid, enforceable contracts.

26.    JMB assumed the obligations to perform under the Assignment Agreement.

27.    Klipsch has performed its obligations and any conditions precedent under the Assignment Agreement.

28.    JMB materially breached the Assignment Agreement and the JMB Agreement by refusing to purchase the Allowed Claim.

29.    JMB breached the implied duty of good faith and fair dealing by refusing to purchase the Allowed Claim and by attempting to avoid its obligations under Section 4(b) of the Assignment Agreement.

30.    Klipsch has suffered damages as a result of these material breaches.

**WHEREFORE**, Klipsch asks this Court to enter judgment against JMB on Count I of its complaint and to award damages to be determined at trial and such further relief as the Court deems appropriate.

714 15008.1

## JURY DEMAND

Klipsch hereby demands a trial by jury.


Dated: September 19, 2007

DAY PITNEY LLP

by _M. Alexander Bowie II_

M. Alexander Bowie, II (MB-6826)
Amy J. Iannone (AI-0931)
7 Times Square
New York, New York 10036-7311
Telephone: (212) 297-5800
Facsimile: (212) 916 -2940


Michael K. McCrory (to file pro hace vice motion)
Scott E. Murray (to file pro hace vice motion)
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433


Attorneys for Plaintiff Klipsch, LLC

71415008 1

Exhibit A

## ASSIGNMENT OF CLAIM   Exhibit A

1.      KLIPSCH, LLC a Indiana limited liability company, its successors and assigns, ("Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged in the sum of $597,174.40 (this is the amount Amroc is paying for the Immediate Claim Amount, i.e., 48%, [such percentage is defined as the "Percentage Rate"] does hereby absolutely and unconditionally sell, transfer and assign unto AMROC INVESTMENTS, LLC, a New York limited liability company, its successors and assigns, ("Assignee") all right, title and interest in and to the claims of Assignor in the amount of $1,392,936.80 (insert proof of claim amount assigned hereunder, defined herein as the "Claim") payable by ULTIMATE ELECTRONICS, INC. (the "Debtor"), including, without limitation, all of Assignor's rights, title and interest to all agreements, instruments, invoices, and other documents evidencing, or relating to the Claim or the Proof of Claim, and any actions, claims, lawsuits or rights of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Claim, including, without limitation, Assignor's rights to receive any cash, securities instruments and/or other property issued in respect of the Claim to Assignor, or otherwise, in the bankruptcy proceedings in the United States Bankruptcy Court, District of Delaware, or any other court with jurisdiction over the Proceedings (the "Bankruptcy Court"), jointly administered at Case # 05-10104 (defined as the "Proceedings").

2.      Assignor represents and warrants the following: a proof of claim has been, or will be, duly and timely filed by Assignor for the amount of $1,492,936.00 (of which Assignor is assigning to Assignee $1,392,936.00 hereunder) (defined as the "Proof of Claim"). Assignee shall be deemed to be owner of the Claim as stated in the Proof of Claim, or any amended proof(s) of claim(s) for all purposes in the Proceedings. Assignee shall file the Notice of Transfer (Exhibit "A"), attached hereto and incorporated herein by reference with the Bankruptcy Court as evidence of the terms of this transfer. Assignor grants Assignee the right to make any corrections to Exhibit "A" necessary or appropriate to effect assignment of the Claim. Assignor agrees to send Assignee a true and correct copy of the file stamped copy of the Proof of Claim. (ENCLOSE A COPY OF ALL PROOF OF CLAIMS FILED WITH THE COURT). For the avoidance of doubt, Assignor is not selling and Assignee is not purchasing the $100,000.00 (the "Retained Claim") of the Proof of Claim amount of $1,492,936.00. Notwithstanding the foregoing, Assignor and Assignee agree that in the event that any portion of the Proof of Claim is subject to a Disallowance (as defined below), then the Claim assigned hereunder to Assignee and the Retained Claim shall be reduced on a pro rata basis. Similarly, any cash, securities instruments and/or other property paid or issued in respect of the Proof of Claim in the Proceedings shall be allocated on a pro rata basis between the Claim assigned hereunder and the Retained Claim.

3.      Assignor further represents and warrants that the amount of the Claim is no less than $1,392,936.00 (defined herein as the "Immediate Claim Amount"), and that the basis for the Claim is for valid invoices, exclusive of any and all chargebacks and disputed items, and that true and correct copies of such invoice numbers are attached hereto as Exhibit "B" and incorporated herein by reference; that the Claim is a valid, undisputed, liquidated, non-contingent claim against the Debtor; and that the basis for the Claim is amounts due and owing by the Debtor arising from the sale of goods, merchandise or services actually sold or performed by Assignor and received by the Debtor; that no objection has been filed or threatened against Assignor or the Claim; that this Assignment of Claim agreement and all exhibits attached hereto (the "Agreement") are true and correct copies, and have been duly authorized, executed and delivered by Assignor, and Assignor has the requisite power and authority to execute and deliver this Agreement; that this Agreement constitutes the valid, legal and binding Agreement of Assignor, enforceable against Assignor in accordance with its terms; that no payment has been received by Assignor or on behalf of Assignor, in full or partial satisfaction of the Claim; that the Assignor has not previously assigned or sold the Claim to any third party; in whole or in part; that Assignee will not receive in respect of the Claim proportionately less payments or distributions or less favorable treatment than any other unsecured creditor of Debtor holding claims which claims arose from sales of merchandise or goods to Debtor; that Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that the Claim is not subject to any factoring agreements in any way whatsoever; that in the event any liens appear on Assignor's most recent D&B report, Assignor agrees to timely obtain such releases from the parties listed on such report; that the Claim is not subject to any claim or right of setoff, reduction, recoupment, impairment, avoidance, disallowance, or subordination; that Assignor is not and has never been an "insider" of the Debtor within the meaning of Section 101(31) of the Bankruptcy Code, and other than its membership on the Official General Unsecured Creditors' Committee, it is not a member of any other official or unofficial committee in the Proceedings; that Assignor is not and has never been "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or within the meaning of Section 101 (32) of the Bankruptcy Code; that there are no preference actions against Assignor or the Claim, and that no legal or equitable defenses, counterclaims or offsets have been or may be asserted by or on behalf of the Debtor to reduce the amount of the Claim or affect its validity or enforceability. Assignee does not assume and shall not be responsible for any obligations or liabilities of Assignor related to or in connection with the Claim or the Proceedings.

4. (a)  In the event that the Claim (i) is listed on the Debtor's schedules of liabilities which are filed with the Bankruptcy Court for an amount less than $1,392,936.00 or is scheduled as disputed, contingent or unliquidated or (ii) all or any part of the Claim is disallowed, reduced, impaired or otherwise subordinated in the Proceedings for any reason whatsoever (each, a "Disallowance"), Assignor agrees to immediately repay, within two business days, such portion of the consideration paid by Assignee hereunder as shall be calculated by multiplying such consideration by a fraction, the numerator of which shall be the amount of the Claim which was so disallowed and the

denominator of which shall be the amount of the Claim plus interest at the rate of 10% per annum times the number of days from the date of this Agreement to the date of the repayment (the "Repayment Amount"). Upon Assignee's receipt of the Repayment Amount, Assignee agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be necessary or appropriate to effect the re-assignment of such portion of the Claim subject to Disallowance and all right, title and interest therein to Assignor. If and only if Assignor has previously sold or factored this Claim, then Assignor hereby agrees to immediately repay, upon demand of Assignee, liquidated damages in the amount of double the consideration paid by Assignee hereunder. Assignor is aware that the above purchase price may be more or less than the amount ultimately distributed with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization.

4. (b). As stated in Section 4 (a), in the event the Claim is listed on the Debtor's schedules of liabilities filed with the Bankruptcy Court for an amount less than $1,392,936.00 or is otherwise subject to a Disallowance and the Assignor has fulfilled its repayment obligation to Assignee pursuant to the terms of Section 4 (a) hereof, and yet the Claim is subsequently allowed pursuant to a Final Order (as defined above) for a greater amount, not to exceed $1,392,936.00 (i.e. the "Increased Claim Amount" shall be defined as any amount which is allowed in excess of such portion of the Claim for which the Assignor has received consideration, not to exceed the total Claim amount of $1,392,936.00), then Assignee will pay to Assignor the Percentage Rate multiplied by the Increased Claim Amount. The payment for the Increased Claim Amount shall be delivered to Assignor when Assignee has received notification that the Increased Claim Amount has been liquidated and allowed in the order by a Final Order. A "Final Order" shall be an order of the Bankruptcy Court which has not been reversed, stayed, modified, or amended and as to which (a) any appeal taken, petition for certiorari or motion for rehearing or reconsideration that has been filed has been finally determined or dismissed or, (b) the time to appeal, seek certiorari or move for reconsideration or rehearing has expired and no appeal, petition for certiorari or motion for reconsideration or rehearing has been timely filed. Notwithstanding anything to the contrary contained herein, Assignee's obligation to purchase the Increased Claim Amount from Assignor pursuant to the terms of this paragraph shall be null and void at Assignee's sole option in the event that record ownership of the Increased Claim Amount is held by Assignor and the deadline to transfer record ownership of claims in the Proceedings has passed.

5.    Assignor hereby irrevocably appoints Assignee as its true and lawful attorney only with respect to actions relating to the Claim, and authorizes Assignee to act in Assignor's name to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable for, or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder pursuant to this Agreement. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to prove defend or take affirmative action with respect to proving the Claim's validity or amount in the Proceedings. Assignor agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be necessary or appropriate to effect assignment of the Claim and all interests therein to Assignee, and agrees to duly and timely vote the ballot for the Claim under any proposed plan of reorganization as directed by Assignee. Assignor agrees to indemnify Assignee from all losses, damages and liabilities, which result from the breach of any representation, warranty or covenant by Assignor as set forth herein.

6.    Assignor agrees that in the event Assignor shall receive any payments or distributions whatsoever with respect to the Claim after the date hereof, the Assignor agrees to accept the same as the Assignee's agent and to hold the same in trust on behalf of and for the benefit of Assignee. Assignor agrees to deliver the same forthwith to Assignee in the same form received, within 2 business days in the case of cash and within 5 business days in the case of securities, which are in good deliverable form, and with the endorsement of Assignor, (without recourse, representation, or warranty), when necessary or appropriate. Assignor and Assignee each acknowledge that the other may possess material non-public information concerning the Claim and/or the Debtor. Each further acknowledges that it has not requested to receive such information and has nevertheless determined to proceed with the transaction contemplated herein, and neither shall have any liability to the other party arising out of the non-disclosure of such information; provided, however, that nothing in this paragraph shall limit any representation or warranty made by Assignor in this Agreement.

7.    All representations and warranties contained herein shall survive the execution and delivery of this Agreement, any due diligence performed by Assignee, and the purchase and sale of the Claim. This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns. Assignor hereby acknowledges that Assignee may at any time re-assign the Claim to a third party together with all rights, title and interest, and obligations hereunder, of Assignee in and to this Agreement. Upon such re-assignment Assignor agrees that Assignee shall be relieved of its obligations hereunder provided that such subsequent Assignee agrees to assume such obligations hereunder. This Agreement shall be construed and the obligations of the parties hereunder shall be determined in accordance with the laws of the state of New York without reference to any conflicts of law provisions. Each party hereto consents to service of process by certified mail at its address listed above. Each party hereto irrevocably and unconditionally consents to the jurisdiction of the courts located in the State of New York in any action to enforce, interpret or construe any provision of this Agreement.

Mar-17-05    18:04    From-Anroc Investments                 +212 850 7584        T-781   P.004/005   F-014

IN WITNESS WHEREOF, the undersigned has duly executed this Agreement by its duly authorized representative dated the 18TH day of March, 2005.

KLIPSCH, LLC

WITNESS: ___*Fred S Klipsch*___              By ___*Nancy Mills*___
   (Signature of Witness)                        (Signature of authorized corporate officer)

___FRED S. KLIPSCH, CHAIRMAN___              ___NANCY MILLS, CFO___
   (Print name and title of witness)             (Print name and title of corporate officer)

                                             ___317 - 860 - 8226___
                                                (Telephone Number of corporate officer)

                                             ___NANCY. MILLS @ KLIPSCH. COM___
                                                (Email Address)

## NOTICE OF PARTIAL ASSIGNMENT OF CLAIM

**KLIPSCH, LLC**, an Indiana limited liability company, its successors and assigns ("Assignor"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby absolutely and unconditionally sell, transfer and assign unto **AMROC INVESTMENTS, LLC**, a New York limited liability company, its successors and assigns ("Assignee") all rights, title and interest in and to the claim(s) of Assignor in the principal amount of **$1,392,936.00** (proof of claim amount, defined as the "Claim") against **ULTIMATE ELECTRONICS, INC.** (the "Debtor" ) together with interest, if any, in the United States Bankruptcy Court, District of Delaware, or any other court with jurisdiction over the Proceedings (the "Court"), Administered at Case No.05-10104 (defined as the "Proceedings").

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.

**IN WITNESS WHEREOF**, the undersigned has duly executed this Agreement by its duly authorized representative dated the _18TH_ day of _March,_ 2005.

KLIPSCH, LLC

WITNESS _____
(Signature)

_____
(Signature Of Corporate Officer)

_FRED S KLIPSCH CHAIRMAN_
(Print Name And Title Of Witness)

_NANCY MILLS CFO_
(Print Name And Title Of Corporate Officer)

AMROC INVESTMENTS, LLC

WITNESS _____
(Signature)

_____
(Signature Of Corporate Officer)

David S. Leinwand, Senior Vice President
(Print Name And Title Of Witness)

Sonia E. Gardner, Senior Managing Director
(Print Name And Title Of Corporate Officer)

EXHIBIT "A"

Exhibit B

Exhibit B

## ASSIGNMENT OF CLAIM

AMROC INVESTMENTS, LLC, a New York limited liability company, its successors and assigns (the "Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, in the sum of $571,103.76 (i.e.,       , the "Purchase Price") does hereby irrevocably sell, convey, transfer and assign unto JMB CAPITAL PARTNERS, L.P., its successors and assigns ("Assignee") all of its rights, obligations, title and interest, and Assignee expressly assumes the obligations thereunder, in and to those certain Assignment of Claim agreements by and between Assignor and  (defined herein as the "Original Creditor") with a copy of the agreement between Assignor and the Original Creditor being attached hereto and incorporated herein by reference (defined herein as the "Original Creditor Agreement") and in and to the immediate claim in the amount of $1,392,936.00 (the "Immediate Claim Amount") and in and to the claim in the total claim amount of $1,392,936.00 ("the Claim") against ULTIMATE ELECTRONICS, INC. (the "Debtor"), together with interest, if any, which may be paid by the Debtor or its estate thereon, and including, without limitation, any cash, securities, other property and/or instruments issued with respect thereto, in connection with the Debtor's Proceedings (as defined in the Original Creditor Agreement), and any related Chapter 11 cases, presently pending in the United States Bankruptcy Court, District of Delaware, or any other court with jurisdiction over the Proceedings (the "Bankruptcy Court"), Case No. 05-10104 (defined as the "Proceedings").

Assignor hereby assigns to Assignee, and Assignee hereby purchases, all the rights, title and interest in and to the Original Creditor Agreement and the Claim, including without limitation its remedies against the Original Creditor under the Original Creditor Agreement to require the Original Creditor to repay all or part of the consideration paid to the Original Creditor thereunder in the event that the Claim is disallowed in the Proceedings in whole or in part. Assignor agrees to return the pro rata amount of the difference between the amount paid to the relevant Original Creditor under the Original Creditor Agreement and the amount Assignee is paying to Assignor hereunder in the event any of the Claim is reduced or disallowed in whole or in part.

Assignee expressly assumes Assignor's obligations in and to the Original Creditor Agreement, including but not limited to obligations arising in the event the Claim is ultimately allowed for an amount which is greater than the Immediate Claim Amount of $1,392,936.00 or in the event the Claim as acknowledged by the Debtor is less than the Immediate Claim Amount (the "Reduced Claim Amount") and subsequently, on any one or more occasions, is allowed for a greater amount not to exceed the total Claim amount of $1,392,936.00 (the "Increased Claim Amount", i.e., any amount above the Immediate Claim Amount or the Reduced Claim Amount not to exceed the Claim amount hereunder), then Assignee shall pay to Assignor a cash payment of       multiplied by the amount of the Increased Claim Amount. The payment for the Increased Claim Amount shall be delivered by Assignee to Assignor within 2 business days from the date such payment request is due pursuant to the terms of the Original Creditor Agreement (the "Increased Payment Date").

Assignor represents, warrants and covenants the following:  it is duly authorized and empowered to execute and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; that no payment has been received by Assignor in full or partial satisfaction of the Claim;  that Assignor has not previously assigned or sold, or created any liens in respect of, the Claim or its obligations to any third party, in whole or in part; Assignor is not an "insider" of any Debtor within the meaning of 11 U.S.C. Section 101(31);  Assignor has agreed to the consideration herein based on its own independent investigation and credit determination and has not relied on any representations made by Assignee, except as expressly set forth herein.

Assignee represents, warrants and covenants that:  it is duly authorized and empowered to execute and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignee, enforceable against Assignee in accordance with its terms; Assignee is not an "insider" of any Debtor within the meaning of 11 U.S.C. Section 101(31);  Assignee is purchasing the Claim and assuming the obligations thereunder based on its own independent investigation and credit determination and has not relied on any representations made by Assignor, except

as expressly set forth herein.

Assignor and Assignee are each aware that the consideration being paid by Assignee hereunder may differ from the amount ultimately distributed with respect to the Claim pursuant to any plan of reorganization or other outcome of the Proceeding which is ultimately consummated. Assignor and Assignee are each aware that information which may be pertinent to their decision to transfer the Claim is available to them and can be obtained from the Bankruptcy Court or other public files.

Assignor and Assignee each acknowledge that the other may possess material non-public information concerning the Administrative Claim and/or the Debtor. Each further acknowledges that it has not requested to receive such information and has nevertheless determined to proceed with the transaction contemplated herein, and neither shall have any liability to the other party arising out of the non-disclosure of such information.

To the extent provided in the Original Creditor Agreement, Assignor hereby irrevocably appoints the Assignee as its true and lawful attorney-in-fact solely with respect to the enforcement of the Claim, and authorizes the Assignee to act in Assignor's name, to demand, sue for, compromise and recover all money which now are, or may hereafter become due and payable for, or on account the Claim herein assigned; and, grants unto the Assignee full authority to do all things necessary to enforce all the rights, title and interest in and to the Claim and Assignor's rights thereunder pursuant to this Assignment; and, Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee.

Assignor agrees that in the event Assignor shall receive any payment or distribution with respect to the Claim after the date hereof, Assignor agrees to accept and hold the same on behalf of and for the sole benefit of Assignee. Assignor agrees to deliver the same forthwith to Assignee, upon demand of Assignee, in the same form received, with the endorsement, without recourse, of Assignor when necessary or appropriate. Assignee agrees to indemnify Assignor from all losses, claims, damages and liabilities, which result from the breach of any representation, warranty or covenant by Assignee as set forth herein, including but not limited to Assignee's failure to fulfill all the obligations under the Original Creditor Agreement, in particular the obligation to pay the Increased Claim Amount.

All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement. This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns. Assignee may transfer its rights hereunder provided that Assignee's assumption of Assignor's obligations under the Original Creditor Agreement shall remain in full force and effect notwithstanding any such assignment. Notwithstanding the forgoing, Assignee may assign the obligations of the Claim provided that Assignor has consented to such assignment in writing, which request shall not be unreasonably withheld or delayed.

**THIS AGREEMENT SHALL BE CONSTRUED AND THE OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REFERENCE TO CONFLICTS OF LAW.**

All demands, notices, requests, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given when hand-delivered or duly deposited in the mails, by certified or registered mail, postage prepaid-return-receipt requested, to the addresses set forth above, or such other address as may be furnished hereafter by notice in writing.

This Agreement, together with any exhibits hereto, constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes all prior agreements, understandings or representations pertaining to the subject matter hereof, whether oral or written. There are no warranties, representations or other agreements between the parties in connection with the subject matter hereof except as specifically and expressly set forth herein. This Agreement may be signed in counterparts, each of which shall be an original and all of

which taken together shall constitute one agreement.

The undersigned has duly executed this Agreement by its duly authorized representative on March _23_ , 2005.

AMROC INVESTMENTS, LLC

By:_____

Name:  Sonia E. Gardner

Title:  General Counsel

Tel.:  212-850-7519

The undersigned has duly executed this Agreement by its duly authorized representative on March_____ , 2005.

JMB CAPITAL PARTNERS, L.P.

By:_____

Name:

Title:

Tel.:

4-27-05; 2:14PM;                                         ;3102866682            #  3/  3

which taken together shall constitute one agreement.

The undersigned has duly executed this Agreement by its duly authorized representative on March _____, 2005.

AMROC INVESTMENTS, LLC

By:_____
Name:  Sonia E. Gardner
Title:   General Counsel
Tel.:    212-850-7519

The undersigned has duly executed this Agreement by its duly authorized representative on March 23, 2005.

JMB CAPITAL PARTNERS, L.P.

By:_____
Name:
Title:   Ron Silverton
Tel.:    310-286-2929

Exhibit C

*Exhibit C·1*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ULTIMATE ELECTRONICS, INC., *et al.*,[1] | ) | Case No. 05-10104 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket Nos. 1470, 1499, 1502, |
| | ) | 1510, 1514, 1515 |

## ORDER MODIFYING THE LIABILITY OF CERTAIN CLAIMS

This matter coming before the Court on Liquidating Ultimate's Verified, Sixth

Omnibus Objection to Claims (Substantive) - Modifying the Liability of Certain Claims (the

"Objection")[2] filed by Liquidating Ultimate as successor in interest to the above-captioned

debtors and debtors in possession; the Court (a) having reviewed the Objection, the Affidavit of

Plan Administrator David A. Carter attached thereto as *Exhibit B* (the "Carter Affidavit") and all

other related pleadings and (b) having heard the statements of counsel with respect to the relief

requested in the Objection at a hearing before the Court (the "Hearing"); the Court finding that

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Objection and the

Hearing was sufficient under the circumstances; and the Court having determined that the legal

and factual bases set forth in the Objection and the Carter Affidavit and at the Hearing establish

just cause for the relief granted herein;

---

[1] The Debtors are the following entities: Fast Trak, Inc.; Ultimate Intangibles Corp.; Ultimate Leasing Corp.; Ultimate Electronics Partners Corp.; Ultimate Electronics Leasing LP; Ultimate Electronics Texas LP.

[2] All capitalized terms not otherwise defined herein have the meanings given to them in the Objection.

IT IS HEREBY ORDERED THAT:

1.    The relief sought in the Objection is **GRANTED**, except to the extent modified by the terms of this Order.

2.    Each of the Claims listed on *Exhibit A* attached hereto is modified in the amount listed in the *Exhibit A* column labeled "Modified Claim Amount," pursuant to section 502 of the Bankruptcy Code.

3.    Liquidating Ultimate; the Plan Administrator David A. Carter; and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

IT IS HEREBY FURTHER ORDERED THAT:

4.    Upon agreement between Olympus America, Inc. and Liquidating Ultimate Electronics, Inc., the handling of the objection to claim number 1033 filed by Olympus America, Inc. shall be passed to the August 15, 2006 hearing on omnibus claim objections.

5.    Upon agreement between Kenwood USA Corporation and Liquidating Ultimate Electronics, Inc. the handling of the objection to claim number 1168 filed by Kenwood USA Corporation shall be passed to the August 15, 2006 hearing on omnibus claim objections.

6.    Upon agreement between The City and County of Denver and Liquidating Ultimate Electronics, Inc., the handling of the objection to claim numbers 99 and 1484 filed by The City and County of Denver shall be passed to the August 15, 2006 hearing on omnibus claim objections.

7.      Upon agreement between The Dallas Morning News and Liquidating Ultimate Electronics, Inc., the handling of the objection to claim number 1081 filed by The Dallas Morning News shall be passed to the August 15, 2006 hearing on omnibus claim objections.

8.      Upon agreement between the Macherich Company, RREEF Management Company and Liquidating Ultimate Electronics, Inc., the handling of all objections to all claims filed by the Macherich Company and RREEF Management Company shall be passed to the August 15, 2006 hearing on omnibus claim objections.

9.      Upon agreement between ACF Property Management and Liquidating Ultimate Electronics, Inc., claim number 1145 filed by ACF Property Management shall be reduced to $0.00.

10.      Upon agreement between the City of Thornton and Liquidating Ultimate Electronics, Inc., claim number 1144 filed by the City of Thornton shall be allowed as a priority claim in the amount of $1,250,000. The payment of this entire claim, which payment shall be made within thirty (30) days of the date hereof, shall be in full and complete satisfaction of all claims filed by the City of Thornton against the Debtors, and shall be a full and complete release of any and all claims by, between and among the City of Thornton and the Debtors.

11.      Upon agreement between Dierbergs Brentwood, LLC and Liquidating Ultimate Electronics, Inc., the handling of the objection to claim number 1481 filed by Dierbergs Brentwood, LLC shall be passed to the August 15, 2006 hearing on omnibus claim objections. The new deadline for Dierbergs Brentwood, LLC to respond shall be August 8, 2006 at 4:00 p.m.

12.     Upon agreement between Genesis Fixtures and Liquidating Ultimate Electronics, Inc., claim number 1015 filed by Genesis Fixtures, Inc. shall be allowed as a general unsecured claim in the amount of $418,805.79.

13.     Upon agreement between Harman Electronics, Inc. and Liquidating Ultimate Electronics, Inc., the handling of the objection to claim number 985 filed by Harman Electronics, Inc. shall be passed to the August 15, 2006 hearing on omnibus claim objections. The new deadline for Harman Electronics to respond shall be July 24, 2006 at 4:00 p.m.

14.     Upon agreement between Klipsch LLC and Liquidating Ultimate, as between claim numbers 440, 810 and 774 filed by Klipsch, LLC, claim number 810 shall be the surviving claim and claim numbers 440 and 774 shall be expunged as duplicative. In addition, Liquidating Ultimate shall allow any attachments to claim numbers 440 and 774 to act as support for claim number 810.  Claim number 810 shall be allowed as a general unsecured claim in the amount of $1,276,264.34.

15.     Upon agreement between Kwenda, Inc. and Ultimate Electronics, Inc., claim number 897 filed by Kwenda, Inc. shall be allowed as a general unsecured claim in the amount of $58,854.72 and as an administrative expense claim in the amount of $21,147.88.

16.     Upon agreement between Sharp Electronics and Ultimate Electronics, Inc., the handling of the objection to claim number 670 filed by Sharp Electronics shall be passed to the August 15, 2006 hearing on omnibus claim objections. The new deadline for Sharp Electronics to respond shall be July 17, 2006 at 4:00 p.m.

17.     Upon agreement between Texas Dugan Limited Partnership and Liquidating Ultimate Electronics, Inc., claim number 1440 filed by Texas Dugan Limited

88576-001\DOCS_DE:119650.2                          4

Partnership shall be allowed as a general unsecured claim in the amount of $55,726 and as an administrative expense claim in the amount of $25,199.11.

18.    Upon agreement between The Arizona Republic and Liquidating Ultimate Electronics, Inc., the handling of the objection to claim number 67 filed by The Arizona Republic shall be passed to the August 15, 2006 hearing on omnibus claim objections. The new deadline for The Arizona Republic to respond shall be July 24, 2006 at 4:00 p.m.

19.    Upon agreement between Vertis, Inc. and Liquidating Ultimate Electronics, Inc., the handling of the objection to claim number 946 filed by Vertis, Inc. shall be passed to the August 15, 2006 hearing on omnibus claim objections. The new deadline for Vertis, Inc. to respond shall be July 24, 2006 at 4:00 p.m.

20.    Upon agreement between WCJ Pipeline 96, Ltd. and Liquidating Ultimate Electronics, Inc., claim number 133 filed by WCJ Pipeline 96, Ltd. shall be allowed as a general unsecured claim in the amount of $13,680.81 and as an administrative expense claim in the amount of $43,398.09.

21.    Claim number 948 filed by Weingarten Nostat, Inc. has been withdrawn as per a letter sent by Weingarten Nostat, Inc. to Liquidating Ultimate Electronics, Inc.

22.    Upon agreement between the State of Minnesota Department of Revenue and Liquidating Ultimate Electronics, Inc., claim number 1422 filed by the State of Minnesota Department of Revenue shall be allowed as a priority claim in the amount of $109,500.00. This shall be in full and complete satisfaction of all claims filed by the State of Minnesota Department of Revenue and shall be in full and complete satisfaction of any and all claims of the State of Minnesota Department of Revenue against the Debtors.

23.    Upon agreement between Monster Cable Products, Monster LLC, and

Liquidating Ultimate Electronics, Inc., the handling of all objections to all claims filed by

Monster Cable Products and Monster LLC shall be passed to the August 15, 2006 hearing on

omnibus claim objections. The new deadline for Monster Cable Products and Monster LLC to

respond shall be July 31, 2006 at 4:00 p.m.

Dated: _July 13_, 2006

_____
Honorable Kevin Gross
United States Bankruptcy Judge

Exhibit D

# United States Bankruptcy Court
## District of Delaware

In re Ultimate Electronics, Inc. et al.,

Case No. 05-10104 Jointly Administered
Court ID (court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**Contrarian Funds, LLC**
Name of Transferee

Name and Address where notices to transferee should be sent

**Contrarian Funds, LLC
411 West Putnam Ave., Ste. 225
Greenwich, CT 06830
Attn: Alpa Jimenez
Phone 203-862-8236**

Last Four Digits of Acct#: N/A

Name and Address where transferee payments should be sent
(if different from above)

Court Claim # (if known): 126
Claim Amount $896,142.88

**Lonestar Partners LC**
Name of Transferor

Court Record Address of Transferor
(Court Use Only)

Last Four Digits of Acct#:  N/A

Name and Current Address of Transferor

**Lonestar Partners, L.P.
One Maritime Plaza
Suite 2555
San Francisco, CA 94111
Attn: Peter Levinson**

Last Four Digits of Acct#:  N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____/s/ Alpa Jimenez_____        Date: _____July 27, 2007_____
          Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 & 3571.

~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

EXHIBIT A

EVIDENCE OF TRANSFER OF CLAIM
PURSUANT TO F.R.B.P. 3001(e)

LONESTAR PARTNERS, L.P. ("Assignor") hereby absolutely and unconditionally sells, transfers and assigns unto CONTRARIAN FUNDS, LLC ("Assignee") the $896,142.88 allowed claim (the "Claim") of Assignor (as assignee of original claimant Directed Electronics, Inc. d/b/a Definitive Technology and Amroc Investments, LLC) against ULTIMATE ELECTRONICS, INC. in Chapter 11 Case 05-10104 (the "Case") pending in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Claim was allowed by that certain Order Modifying the Liability of Certain Claims, enter by the Court in the Case on July 13, 2006. All further payments and other distributions in respect of the Claim should be made to Assignee in accordance with the following details:

CONTRARIAN FUNDS, LLC
411 West Putnam Avenue
Greenwich, CT 06830
Att'n: Peter Coviello, Portfolio Manager
Telephone: 203-862-8200

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by its duly authorized representative dated the 24 day of July, 2007

LONESTAR PARTNERS, L.P.

By
Name: TEDY WONG
Title: CFO

CONTRARIAN FUNDS, LLC
By: Contrarian Capital Management, LLC, as manager

By:
Name:
Title:

Jon R. Bauer
Managing Member

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KLIPSCH, LLC ,

                              Plaintiff,                    *Civil Action No.* _____

              v.

JMB CAPITAL PARTNERS, LP.

                              Defendant.

---

## COMPLAINT

---

**DAY PITNEY LLP**
**M. Alexander Bowie II**

7 Times Square
NEW YORK, N.Y. 10036
(212) 297-5800