KRAMER LEVIN NAFTALIS & FRANKEL LLP
Counsel for JMB Capital Partners, LP
1177 Avenue of the Americas
New York, New York 10036
Telephone 212-715-9100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
KLIPSCH, LLC,                                         :
                                                      :
                                                      :
                         Plaintiff,                   :        Civil Action No.: 07 CIV 8202 (SHS)
                         v.                           :
                                                      :
JMB CAPITAL PARTNERS, LP,                             :
                                                      :
                         Defendant.                   :
------------------------------------------------------ X

## ANSWER OF JMB CAPITAL PARTNERS, LP

Defendant JMB Capital Partners, LP ("JMB") answers (the "Answer") the Complaint of Klipsch, LLC, dated September 19, 2007 (the "Complaint"), as follows:

1.      JMB denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint.

2.      JMB admits the allegations contained in the first sentence of Paragraph 2 of the Complaint. JMB denies the allegations contained in the second sentence of Paragraph 2 of the Complaint.

3.      JMB admits the allegations contained in Paragraph 3 of the Complaint.

4.      The allegations contained in Paragraph 4 of the Complaint are conclusions of law to which no response is necessary. JMB otherwise denies knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.

5.    The allegations contained in Paragraph 5 of the Complaint purport to describe the terms of a document and to set forth certain legal conclusions. JMB respectfully refers the Court to that document for its true contents and denies the allegations contained in Paragraph 5 of the Complaint to the extent inconsistent therewith. To the extent Paragraph 5 of the Complaint alleges conclusions of law, no response is necessary.

6.    The allegations contained in Paragraph 6 of the Complaint are conclusions of law to which no response is necessary.

7.    The allegations contained in Paragraph 7 of the Complaint purport to summarize the terms of a document and to set forth certain legal conclusions. JMB respectfully refers the Court to that document for its true contents and denies the allegations contained in Paragraph 7 of the Complaint to the extent inconsistent therewith. To the extent Paragraph 7 of the Complaint alleges conclusions of law, no response is necessary. Notwithstanding the foregoing, JMB states that Klipsch and Amroc are parties to an Assignment of Claim, dated March 18, 2005.

8.    The allegations contained in Paragraph 8 of the Complaint purport to describe the terms of a document and to set forth certain legal conclusions. JMB respectfully refers the Court to that document for its true contents and denies the allegations contained in Paragraph 8 of the Complaint to the extent inconsistent therewith. To the extent Paragraph 8 of the Complaint alleges conclusions of law, no response is necessary. JMB otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9.    The allegations contained in Paragraph 9 of the Complaint purport to describe the terms of a document and to set forth certain legal conclusions. JMB respectfully refers the Court to that document for its true contents and denies the allegations contained in Paragraph 9 of the Complaint to the extent inconsistent therewith. To the extent Paragraph 9 of the Complaint alleges conclusions of law, no response is necessary. Notwithstanding the foregoing, JMB states that JMB and Amroc are parties to an Assignment of Claim, dated March 23, 2005.

10.    JMB denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint. Notwithstanding the foregoing, JMB states that on March 18, 2005, Ultimate Electronics, Inc. was a debtor in a chapter 11 proceeding (the "Ultimate Bankruptcy") pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

11.    The allegations contained in Paragraph 11 of the Complaint purport to summarize the terms of an agreement. JMB respectfully refers the Court to that agreement for its true contents and denies the allegations contained in Paragraph 11 of the Complaint to the extent inconsistent therewith.

12.    The allegations contained in Paragraph 12 of the Complaint purport to describe a document filed in the Ultimate Bankruptcy. JMB respectfully refers the Court to that document for its true contents and denies the allegations contained in Paragraph 12 of the Complaint to the extent inconsistent therewith.

13.    The allegations contained in Paragraph 13 of the Complaint purport to describe a letter and set forth certain conclusions of law. JMB respectfully refers the Court to that letter for its true contents and denies the allegations contained in Paragraph 13 of the

KL2 2525666.4

Complaint to the extent inconsistent therewith. To the extent Paragraph 13 of the Complaint alleges conclusions of law, no response is necessary. Notwithstanding the foregoing, JMB states that it delivered a letter to Klipsch, dated April 27, 2005, concerning the "Allowed Claim."

14.     The allegations contained in Paragraph 14 of the Complaint are conclusions of law to which no response is required. JMB otherwise denies the allegations contained in paragraph 14 of the Complaint, except states that it received a payment from Klipsch on May 6, 2005.

15.     The allegations contained in Paragraph 15 of the Complaint purport to summarize the terms of an order filed in the Ultimate Bankruptcy. JMB respectfully refers the Court to that order for its true contents and denies the allegations contained in Paragraph 15 of the Complaint to the extent inconsistent therewith. Notwithstanding the foregoing, JMB states that Exhibit C to the Complaint is a true and correct copy of an order signed and entered by the Bankruptcy Court in the Ultimate Bankruptcy on July 13, 2006 (the "July 13 Order").

16.     JMB denies the allegations contained in the first sentence of Paragraph 16 of the Complaint. The allegations contained in the second sentence of Paragraph 16 of the Complaint purport to summarize the terms of an agreement. JMB respectfully refers the Court to that agreement for its true contents and denies the allegations contained in the second sentence of Paragraph 16 of the Complaint to the extent inconsistent therewith.

17.     The allegations contained in Paragraph 17 of the Complaint purport to summarize a court order. JMB respectfully refers the Court to that order for its true contents and denies the allegations contained in Paragraph 17 of the Complaint to the extent inconsistent therewith. To the extent Paragraph 17 of the Complaint alleges conclusions of law, no response is necessary.

18.    The allegations contained in Paragraph 18 of the Complaint purport to describe a letter and set forth certain conclusions of law. JMB respectfully refers the Court to that letter for its true contents and denies the allegations contained in Paragraph 18 of the Complaint to the extent inconsistent therewith. To the extent Paragraph 18 of the Complaint alleges conclusions of law, no response is necessary. Notwithstanding the foregoing, JMB states that it received a letter, dated January 8, 2007, purporting to be from Klipsch, concerning the "Allowed Claim."

19.    The allegations contained in Paragraph 19 of the Complaint purport to describe a letter and set forth certain conclusions of law. JMB respectfully refers the Court to that letter for its true contents and denies the allegations contained in Paragraph 19 of the Complaint to the extent inconsistent therewith. To the extent Paragraph 19 of the Complaint alleges conclusions of law, no response is necessary. Notwithstanding the foregoing, JMB states that it received a letter, dated August 22, 2007, purporting to be from Klipsch, concerning the "Allowed Claim."

20.    JMB denies the allegations contained in Paragraph 20 of the Complaint, except states that it has not repurchased the "Allowed Claim" from Klipsch because it is not contractually obligated to do so.

21.    JMB denies the allegations contained in Paragraph 21 of the Complaint and states that it has not repurchased the "Allowed Claim" because it is not contractually obligated to do so.

22.    The allegations contained in the first sentence of Paragraph 22 of the Complaint are conclusions of law to which no response is necessary. JMB otherwise denies the allegations contained in the first sentence of Paragraph 22 of the Complaint. JMB denies the

- 5 -

allegations set forth in the second sentence of paragraph 22 of the Complaint, except states that
(i) a Notice of Transfer of Claim other than for Security appears as document number 1926 on
the docket in the Ultimate Bankruptcy as having been filed on July 27, 2007, and (ii) Exhibit D
to the Complaint is a copy of the document that appears at document number 1926 on the docket
in the Ultimate Bankruptcy.

23.    The allegations contained in Paragraph 23 of the Complaint purport to
describe an agreement and set forth certain conclusions of law. JMB respectfully refers the
Court to that agreement for its true contents and denies the allegations contained in Paragraph 23
of the Complaint to the extent inconsistent therewith. To the extent Paragraph 23 of the
Complaint alleges conclusions of law, no response is necessary. Notwithstanding the foregoing,
JMB states that it is party to an agreement, dated October 24, 2005, with Contrarian Funds, LLC
concerning the "Allowed Claim."

24.    JMB repeats and realleges the responses contained in Paragraphs 1
through 23 hereof as if fully set forth herein.

25.    The allegations contained in Paragraph 25 of the Complaint are
conclusions of law to which no response is necessary. To the extent a response is necessary,
JMB denies the allegations contained in Paragraph 25 of the Complaint.

26.    The allegations contained in Paragraph 26 of the Complaint are
conclusions of law to which no response is necessary.

27.    The allegations contained in Paragraph 27 of the Complaint are
conclusions of law to which no response is necessary.

KL2 2525666.4

28.    The allegations contained in Paragraph 28 of the Complaint are conclusions of law to which no response is necessary. To the extent a response is necessary, JMB denies the allegations contained in Paragraph 28 of the Complaint.

29.    The allegations contained in Paragraph 29 of the Complaint are conclusions of law to which no response is necessary. To the extent a response is necessary, JMB denies the allegations contained in Paragraph 29 of the Complaint.

30.    The allegations contained in Paragraph 30 of the Complaint are conclusions of law to which no response is necessary. To the extent a response is necessary, JMB denies the allegations contained in Paragraph 30 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendant acted in accordance with the parties' agreements.

## THIRD AFFIRMATIVE DEFENSE

The agreement between Klipsch, LLC and Amroc Investments, LLC contains a condition precedent which was not met. As a result, the contract is null and void.

## FOURTH AFFIRMATIVE DEFENSE

There was no mutuality of assent with regard to a material term of the agreement. As a result, no contract was formed.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, and/or ratification, and/or estoppel.

KL2 2525666.4

**WHEREFORE,** defendant JMB Capital Partners, LP respectfully requests that (i) judgment be entered dismissing the Complaint; (ii) that the Plaintiff takes nothing by its action; and (iii) the Court grant such other relief as it deems just and proper.

Dated:    New York, New York
          November 2, 2007

                              KRAMER LEVIN NAFTALIS & FRANKEL LLP


                              P. Bradley O'Neill (PO-5832)
                              1177 Avenue of the Americas
                              New York, New York  10036
                              (212) 715-9100

                              Attorneys for JMB Capital Partners, LP

KL2 2525666.4